1   Dawn M. Maguire, State Bar #20368
**ALLEN MAGUIRE & BARNES, PLC**
2   1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
3   Ofc: (602) 256-6000
Fax: (602) 252-4712
4   Email dmaguire@ambazlaw.com

5   Attorneys for Trustee Constantino Flores

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHRISTO M. DEMETRIADES and LEIGH-ANNE DEMETRIADES,<br><br>    Debtors.<br><br>CONSTANTINO FLORES, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff.<br><br>v.<br><br>CHRISTO M. DEMETRIADES and LEIGH-ANNE DEMETRIADES; DEMCOR INVESTMENT HOLDINGS, LLC; DESERT JEWEL INVESTMENTS, LLC; TITAN GLOBAL MANAGEMENT, LLC; CLAMS HOLDINGS LIMITED PARTNERSHIP; and LEOPARD INVESTMENT HOLDINGS, LLC,<br><br>    Defendants. | Chapter 7<br><br>Case No. 2:13-bk-18059-MCW<br><br><br><br>Adv. No. 2:15-ap-00829-MCW<br><br><br><br>**COMPLAINT FOR TURNOVER OF ESTATE PROPERTY** |

As and for his complaint, Plaintiff Constantino Flores, Chapter 7 Trustee ("Trustee" or "Plaintiff"), states and alleges as follows:

1. The Plaintiff is the duly appointed and authorized Chapter 7 Trustee in this bankruptcy case.

2. Christo M. Demetriades and Leigh-Anne Demetriades ("Debtors") are residents of the State of Arizona.

3. Upon information and belief, Demcor Investment Holdings, Inc. ("Demcor") is a company registered in the State of Arizona.

4. According to the Arizona Corporation Commission, Demcor uses 9962 E. Desert Jewel Dr., Scottsdale, AZ 85255 as its address.

5. Upon information and belief, Desert Jewel Investments, LLC ("Desert Jewel") is a company registered in the State of Arizona.

6. According to the Arizona Corporation Commission, Desert Jewel uses 9962 E. Desert Jewel Dr., Scottsdale, AZ 85255 as its address.

7. Upon information and belief, Titan Global Management, LLC ("Titan Global") is a company registered in the State of Arizona.

8. According to the Arizona Corporation Commission, Titan Global uses 9962 E. Desert Jewel Dr., Scottsdale, AZ 85255 as its address.

9. Upon information and belief, Clams Holdings Limited Partnership ("Clams Holdings") is a company registered in the State of Arizona.

10. Upon information and belief, Leopard Investment Holdings, LLC ("Leopard Investment") is a company registered in the State of Arizona.

11. According to the Arizona Corporation Commission, Leopard Investment uses 9962 E. Desert Jewel Dr., Scottsdale, AZ 85255 as its address.

12. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 541, 542, and 543 and Bankruptcy Rules 7001, *et seq*.

13. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (E).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

15. On October 16, 2013 ("Petition Date"), Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

### DEMCOR INVESTMENT HOLDINGS, LLC

16. Prior to and on the Petition Date, the Debtors held an interest in Demcor.

17. The Debtors' interest in Demcor is evidenced on their 2011 and 2012 income tax returns. See excerpts from the Tax Returns (redacted) attached as **Exhibit A**.

18. To determine the value of the estate's interest in Demcor, the Trustee requires the following records, including but not limited to:

| | |
|---|---|
| 1 | a. Balance sheet for years ending 2013, and 2014; |
| 2 | b. Income statement for years ending 2013, and 2014; |
| 3 | c. Profit and Loss statement for years ending 2013, and 2014; |
| 4 | d. Detailed list of all assets, supplies, inventory, machinery, and equipment |
| 5 | as of December 31, 2013, December 31, 2014, and October 1, 2015; |
| 6 | e. Detailed list of all of the business debts; and |
| 7 | f. Copy K-1s issued by Demcor for 2012, 2013, and 2014. |
| 8 | (collectively referred to as "Demcor Business Records") |

**DESERT JEWEL INVESTMENTS, LLC**

19. Prior to and on the Petition Date, the Debtors held an interest in Desert Jewel.

20. The Debtors' interest is evidenced on the Amended Schedule B, number 35.

21. To determine the value of the estate's interest in Desert Jewel, the Trustee requires the following records, including but not limited to:

    a. Balance sheet for years ending 2013, and 2014;

    b. Income statement for years ending 2013, and 2014;

    c. Profit and Loss statement for years ending 2013, and 2014;

    d. Detailed list of all assets, supplies, inventory, machinery, and equipment as of December 31, 2013, December 31, 2014, and October 1, 2015;

    e. Detailed list of all of the business debts; and

    f. Copy K-1s issued by Desert Jewel for 2012, 2013, and 2014.

(collectively referred to as "Desert Jewel Business Records").

**TITAN GLOBAL MANAGEMENT, LLC**

22. Prior to and on the Petition Date, the Debtors held an interest in Titan Global.

23. The Debtors' interest is evidenced on the schedule attached to the Statement of Financial Affairs listing the Debtors' business interests.

24. To determine the value of the estate's interest in Titan Global, the Trustee requires the following records, including but not limited to:

    g. Balance sheet for years ending 2013, and 2014;

| | |
|---|---|
| 1 | a. Income statement for years ending 2013, and 2014; |
| 2 | b. Profit and Loss statement for years ending 2013, and 2014; |
| 3 | c. Detailed list of all assets, supplies, inventory, machinery, and equipment as |
| 4 | of December 31, 2013, December 31, 2014, and October 1, 2015; |
| 5 | d. Detailed list of all of the business debts; and |
| 6 | e. Copy of K-1s issued by Titan Global for 2012, 2013, and 2014. |
| 7 | (collectively referred to as "Titan Global Business Records"). |

## CLAMS HOLDINGS LIMITED PARTNERSHIP

25. Prior to and on the Petition Date, the Debtors held an interest in Clams Holdings.

26. The Debtors' interest is evidenced on the schedule attached to the Statement of Financial Affairs listing the Debtors' business interests.

27. To determine the value of the estate's interest in Clams Holdings, the Trustee requires the following records, including but not limited to:

   a. Balance sheet for years ending 2013, and 2014;
   b. Income statement for years ending 2013, and 2014;
   c. Profit and Loss statement for years ending 2013, and 2014;
   d. Detailed list of all assets, supplies, inventory, machinery, and equipment as of December 31, 2013, December 31, 2014, and October 1, 2015;
   e. Detailed list of all of the business debts; and
   f. Copy of K-1s issued by Titan Global for 2012, 2013, and 2014.

(collectively referred to as "Clams Holdings Business Records").

28. In addition to the Demcor Business Records, Desert Jewel Business Records, Titan Global Business Records, and Clams Holdings Business Records, the Trustee also needs complete copies of the Debtors' 2013 and 2014 personal income tax returns (collectively "Tax Returns").

29. The commencement of a case under 11 U.S.C. § 302 creates a bankruptcy estate. 11 U.S.C. § 541.

30. Pursuant to 11 U.S.C. § 541, the bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.

31. Pursuant to 11 U.S.C. § 541(a)(6), the proceeds, product, offspring, rents, or profits of or from property of the estate ("Profits") are property of the bankruptcy estate, and the Debtors must turnover the Profits to the Trustee pursuant to 11 U.S.C. § 542(a)(6).

32. The value of the Debtors' interests in Demcor, Desert Jewel, Titan Global and Clams Holding are also property of the bankruptcy estate, pursuant to 11 U.S.C. § 541, and again must be turned over to the Trustee pursuant to 11 U.S.C. § 542.

33. The Debtors' interest in all the referenced businesses ("Business Interests") were listed on the Debtors' Schedules and Statement of Financial Affairs.

34. The Business Interests remains property of the bankruptcy estate while the case is pending. Hyman v. Plotkin (In re Hyman), 123 B.R. 342, 348 – 349 (B.A.P. 9th Cir. 1991).

35. In Hyman, the BAP held that post-petition appreciation, or increased value, of the Debtors' assets accrues to the benefit, accrues for the benefit of the bankruptcy estate. Hyman, 123 B.R. at 348 – 349.

36. In order to calculate the value of the non-exempt business interests held by the Debtors, the Trustee needs the Demcor Business Records, Desert Jewel Business Records, Titan Global Business Records, and Clams Holdings Business Records, and as well as the Tax Returns.

37. 11 U.S.C. § 521(a)(3) requires the Debtors to cooperate with the Trustee.

38. 11 U.S.C. § 521(a)(4) requires the Debtors to "surrender to the trustee all books, documents, records, and papers relating to property of the estate."

39. The Debtors, Demcor, Desert Jewel, Titan Global, and Clams Holdings, which are controlled and/or managed by the Debtors, from the Debtors' residence, must turnover the Profits since the Petition Date as well as the value, pursuant to 11 U.S.C. § 542.

40. In addition, on the Petition Date, the Debtors were entitled to 79.18% of the 2013 federal and state income tax refunds ("2013 Refunds").

41. As the Tax Returns have not been provided, the Trustee cannot calculate the

1 interest in any 2013 Refunds.

2     42. Pursuant to 11 U.S.C. § 541, the 2013 Refunds are property of the bankruptcy
3 estate, and must be turned over to the Trustee pursuant to 11 U.S.C. § 542(a).

4     43. Section 542(a) requires parties to turnover estate property that may be used by
5 the trustee pursuant to 11 U.S.C. § 363, unless the property is of inconsequential value or
6 benefit to the estate. The onus of turning over estate property is on the possessor… <u>Sternberg</u>
7 <u>v. Johnston</u>, 595 F.3d 937, 943 (9th Cir. 2010). This affirmative turnover obligation exists even
8 in the absence of demand by the trustee, and failure to turn over property of the estate
9 constitutes a violation of 11 U.S.C. section 362(a)(3). <u>Id</u> at 943; <u>In re Del Mission Ltd.</u>, 98 F.3d
10 1147 (9th Cir. 1996).

11     44. Pursuant to 11 U.S.C. § 541, the Demcor Business Records, Desert Jewel
12 Business Records, Titan Global Business Records, Clams Holdings Business Records, Tax
13 Returns, 2013 Refunds, Profits, and Business Interests are property of the bankruptcy estate.

14     45. Pursuant to 11 U.S.C. §§ 542(a) and 543, Debtors must turn over the Demcor
15 Business Records, Desert Jewel Business Records, Titan Global Business Records, Clams
16 Holdings Business Records, Tax Returns, 2013 Refunds, Profits, and Business Interests to the
17 Trustee.

18     **WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant,
19 individually and against the marital community as follows:

20     A. Directing Defendant, and any and all subsequent transferees of the Demcor
21         Business Records, Desert Jewel Business Records, Titan Global Business
22         Records, Clams Holdings Business Records, Tax Returns, 2013 Refunds, Profits,
23         and Business Interests, to turnover the Demcor Business Records, Desert Jewel
24         Business Records, Titan Global Business Records, Clams Holdings Business
25         Records, Tax Returns, 2013 Refunds, Profits, and Business Interests;

26     B. In the amount to be determined;

27     C. Awarding Plaintiff's reasonable attorney's fees, which shall not exceed
28         $1,000.00, if a default judgment is entered;

| | | |
|---|---|---|
| 1 | D. | Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed |
| 2 | | $293.00, if a default judgment is entered; and |
| 3 | E. | For such other and further relief as this Court deems just and appropriate under |
| 4 | | the circumstances. |

DATED: October 15, 2015.

**ALLEN MAGUIRE & BARNES, PLC**

/s/ *DMM #20368*
Dawn M. Maguire
1850 N. Central Ave., Suite 1150
Phoenix, AZ 85004
Attorneys for Trustee